1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   Peter T. Harrell,

11              Plaintiff,                    No. CIV S-05-1784 DFL CMK

12        vs.

13   Mark Montgomery, Jr., et al.,

14              Defendants.            _____ORDER_____

15   _____/   _____

16          Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  The court

17   previously screened plaintiff's filing and ordered plaintiff to provide information for service of

18   process on form USM-285, sufficient copies of the complaint for service, and a notice of

19   compliance.  Plaintiff has filed the required papers.

20          Instead of filing a complaint in this action, plaintiff filed a "Motion for Return of

21   Property Pursuant to Federal Rules of Crim. Procedure 41(g)." [1]  Plaintiff states in his motion

22   that his computer and various writings were seized by the Siskiyou County Sheriff's Department

23   in October 2004. (Pl.'s Mot. at 2.)   A case was brought against plaintiff in the Superior Court of

24   _____

25          [1]Plaintiff filed pursuant to Fed. Rule Cr. P. 41(e), but upon review the court determined
     that he intended to filed pursuant to Rule 41(g), which provides for a motion to return property.
26   See F.Rule Cr. P. 41(g).

                                          1

1   Siskiyou County.  That case was dismissed by motion of the prosecutor on March 20, 2005.  In

2   mid-April, the Sheriff's Department contacted the Mark Montgomery, a Special Agent with the

3   Federal Bureau of Investigation (FBI), in an effort to transfer plaintiff's property to the custody

4   of the FBI.  On May 11, 2005, the Superior Court of Siskiyou County granted plaintiff's motion

5   to have his property returned and "request[ed] that the evidence be transferred through the

6   court."  (Pl.'s Mot., Ex. B.)

7               After the May 11, 2005 hearing, the Deputy District Attorney asked the Sheriff's

8   Department to contact the FBI to determine if an indictment date had been set.  (Pl.'s Mot., Ex.

9   C.)  The District Attorney communicated to the Sheriff's Department that the Superior Court

10  Judge was "not pleased with the method used for the transfer of the property and evidence." (Id.)

11  On May 23, 2005, Special Agent Montgomery served the Sheriff's Department with a federal

12  subpoena ordering the property and evidence in plaintiff's case be released to the FBI.  (Id.)

13  Plaintiff contends that his property is still in federal custody and that no federal indictment has

14  been brought against him.

15              It appears that this motion is properly brought under Federal Rule of Criminal

16  Procedure 41(g).  However, in order to properly adjudicate the case and to determine whether

17  service is proper on the named defendants, the court requires additional information.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

1         Accordingly, IT IS ORDERED that:

2         1.  The Clerk of the Court is directed to serve a copy of plaintiff's September 7,

3  2005 Motion for Return of Property on the Office of the United States Attorney for the Eastern

4  District of California and;

5         2.  The Office of the United States Attorney for the Eastern District of California

6  is directed to file a response within sixty days of the date that this order is filed.

8  DATED:   October 27, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE