IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER HARRELL,

    Plaintiff,                    No. CIV S-05-1784 LKK CMK

    vs.

MARK MONTGOMERY, Jr. et al.,

    Defendants.          ORDER

                                    /

        On August 17, 2006, the court filed findings and recommendations recommending that plaintiff's motion for return of property be dismissed without prejudice. (Doc. 12.) On August 25, 2006, plaintiff, through his appointed counsel in the related criminal proceeding against him (<u>United States v. Peter Harrell</u>, No. CR S-05-0475 LKK CMK), has filed objections. Plaintiff states that the defendants illegally seized several items from him which were never returned even though they appear to be entirely unrelated to the criminal case against him. Further, plaintiff states that, as the government has filed a notice of appeal of the district court's order suppressing evidence in the underlying criminal case, he cannot proceed with a motion for return of the seized property in the underlying criminal case until the appeal is decided. Good cause appearing, the August 17, 2006 findings and recommendations are vacated.

A review of this case reveals that plaintiff filed this return of property claim against Mark Montgomery, Jr., who is an agent with the Federal Bureau of Investigation in Redding. After plaintiff filed his complaint, the court ordered that this motion for a return of property be served on the United States Attorney. Plaintiff was subsequently charged in federal court. It appears that the proper respondent in this matter is the United States of America, not Mark Montgomery, Jr. Accordingly, plaintiff's motion for return of property is dismissed with leave to file an amended motion, naming the proper respondent, within thirty days from the date that this order is filed. Any amended motion should specifically identify all property which plaintiff seeks returned.

The court notes that the objections to the August 17, 2006 findings and recommendations were filed by the Federal Defender, Daniel Broderick, who is representing plaintiff in the related criminal proceeding. Plaintiff is ordered to clarify whether he is being represented in this civil motion for return of property by Mr. Broderick.

IT IS ORDERED that:

1. The August 17, 2006 findings and recommendations are vacated. (Doc. 12.)

2. Plaintiff's motion for return of property is dismissed with leave to amend to name the proper respondent within thirty days from the date of this action.

3. Plaintiff is directed to clarify whether the Federal Defender, Daniel Broderick, is representing him in this related civil matter.

DATED: August 30, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE